**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000464**
**28-SEP-2018**
**08:06 AM**

NO. CAAP-17-0000464

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF AB

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 0104310)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Minor-Appellant A.B. (**Minor**) appeals from the "Decree Re: Law Violation Petition(s)," filed on April 28, 2017, and the "Order Denying [Minor's] Motion to Reconsider Adjudication of Minor as a Law Violator and Motion to Reconsider Commitment to the Executive Director of the Office of Youth Services," filed on May 19, 2017, both in the Family Court of the First Circuit (**Family Court**).[1]

On appeal, Minor contends that there was insufficient evidence to support the Family Court's finding that she was a law violator as to: two counts of Sexual Assault in the First Degree under Hawaii Revised Statutes (**HRS**) § 707-730(1)(e) (2014);[2] one

---

[1] The Honorable Jennifer L. Ching presided.

[2] HRS § 707-730(1)(e) provides:

> **§707-730 Sexual assault in the first degree.** (1) A person commits the offense of sexual assault in the first
> (continued...)

count of Sexual Assault in the Third Degree under HRS § 707-732(1)(d) (2014);[3] and one count of Terroristic Threatening in the First Degree under HRS § 707-716(1)(e) (2014).[4]

---

[2](...continued)
degree if:

. . . .

(e)    The person knowingly subjects to sexual penetration another person who is mentally incapacitated or physically helpless as a result of the influence of a substance that the actor knowingly caused to be administered to the other person without the other person's consent.

[3]    HRS § 707-732(1)(d) provides:

**§707-732  Sexual assault in the third degree.**   (1) A person commits the offense of sexual assault in the third degree if:

. . . .

(d)    The person knowingly subjects to sexual contact another person who is mentally defective, mentally incapacitated, or physically helpless, or causes such a person to have sexual contact with the actor[.]

[4]    HRS § 707-715 (2014) provides, in pertinent part:

**§707-715:  Terroristic threatening, defined.**  A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage or harm to property, including the pets or livestock, of another or to commit a felony:
(1)    With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person.

Further, HRS § 707-716(1)(e) provides:

**§707-716  Terroristic threatening in the first degree.** (1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:
. . . .
(e)    With the use of a dangerous instrument or a simulated firearm.  For purposes of this section, "simulated firearm" means any object that:
(i)    Substantially resembles a firearm;
(ii)   Can reasonably be perceived to be a firearm; or
(iii)  Is used or brandished as a firearm[.]

2

Upon careful review of the record and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we affirm.

In this case, Minor and Complaining Witness (**CW**) were residents of Hale Kipa shelter (**Hale Kipa**) in Ewa Beach. On February 15, 2017, Minor and the CW left Hale Kipa without permission and were reported as runaways. Four days later, on February 19, 2017, Minor and the CW returned to Hale Kipa. On February 22, 2017, the CW asserted that Minor had committed the charged offenses.

The CW testified to the following during trial. Minor injected the CW with an unknown substance, without the CW's consent, which resulted in the CW passing out and losing consciousness. Upon regaining consciousness, the CW noticed that she was laying on a bed and that she was naked from the waist down. The CW also noticed that Minor was completely naked. Minor inserted an unknown object into the CW's vagina. Minor also placed her mouth on the CW's vagina. Minor also touched both breasts of the CW. The CW told Minor to stop and did not consent to Minor's conduct. The CW kicked Minor in the face and told Minor to stop. Minor told another person to handcuff the CW to a shelf above the bed. The CW cried and screamed. The CW also testified that, at a later time, Minor pointed a gun at the CW and that Minor told the CW that she would kill the CW.

Minor testified in her defense during trial. According to Minor, the CW was never forced to do anything that she did not want to do and that Minor never committed the alleged offenses.

The Family Court issued "Findings of Fact and Conclusions of Law" on October 2, 2017. Minor does not contest any of the Family Court's Findings of Fact (**FOFs**) and therefore the findings are binding on this court. State v. Torres, 125 Hawai'i 382, 388, 262 P.3d 1006, 1012 (2011); Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002). The FOFs pertinent to this appeal are as follows:

> 5. Between February 16, 2017, up to and including February 19, 2017, Minor knowingly committed an act of sexual penetration on [CW] by inserting an object into [CW's] genital opening. At

the time, [CW] was mentally incapacitated and/or physically helpless as a result of the influence of a substance that [Minor] knowingly caused to be administered to [CW] without [CW's] consent. [CW] was mentally incapacitated and/or physically helpless as a result of Minor injecting into [CW], more than once, an unknown substance, which caused [CW] to lose consciousness/pass out. (Referral 8)

6. Between February 16, 2017, up to and including February 19, 2017, Minor knowingly committed an act of sexual penetration on [CW] by Minor performing cunnilingus on [CW]. At the time, [CW] was mentally incapacitated and/or physically helpless as a result of the influence of a substance that Minor knowingly caused to be administered to [CW] without [CW's] consent. [CW] was mentally incapacitated and/or physically helpless as a result of Minor injecting into [CW], more than once, an unknown substance, which caused [CW] to lose consciousness/pass out. (Referral 10)

7. Between February 16, 2017, up to and including February 19, 2017, Minor knowingly committed an act of sexual contact on [CW] by Minor placing Minor's hand on [CW's] breast. At the time, [CW] was mentally incapacitated and/or physically helpless as a result of the influence of a substance that Minor knowingly caused to be administered to [CW] without [CW's] consent. [CW] was mentally incapacitated and/or physically helpless as a result of Minor injecting into [CW], more than once, an unknown substance, which caused [CW] to lose consciousness/pass out. (Referral 14)

8. Between February 16, 2017, up to and including February 19, 2017, Minor threatened, by word or conduct, to cause bodily injury to [CW], with the use of a simulated firearm, with the intent to terrorize, or in reckless disregard of the risk of terrorizing [CW]. (Referral 7)

9. [CW] identified Minor as the person who committed the offenses in the petitions.

10. [CW's] testimony was deemed credible by the Court.

11. [CW's] testimony was corroborated by the testimony of Stacy Peiler, program coordinator for Hale Kipa. Ms. Peiler's testimony was deemed credible by the Court.

12. [CW's] testimony was further corroborated by the testimony of Honolulu Police Department ("HPD") Officer William Simpson. Officer Simpson's testimony was deemed credible by the Court.

13. [CW's] testimony was further corroborated by the testimony of HPD Officer John Castillo. Officer Castillo's testimony was deemed credible by the Court.

14. [CW's] testimony was further corroborated by the testimony of DHS Social Worker Julie Tsutsui. Ms. Tsutsui's testimony was deemed credible by the Court.

15. [CW's] testimony was further corroborated by the testimony of HPD Detective David Yamamoto. Detective Yamamoto's testimony was deemed credible by the Court.

16. [CW's] testimony was corroborated by State's Exhibit #3, which is the 911 tape of [CW's] call to dispatch on February 19, 2017 at 12:16 a.m.

17. [CW's] testimony was corroborated by State's Exhibit #4, which is a letter written by Minor to [CW]. Minor wrote Exhibit #4 after the offenses were committed. Minor left Exhibit #4 on [CW's] bed at Hale Kipa.

18. [CW's] testimony was corroborated by State's Exhibit #6 and State's Exhibit #7, which are screen shots of HPD Detective Yamamoto's telephone that show phone calls and text messages, respectively, received from the telephone number . . . (CW's telephone number).

19. Minor testified in the trial. Minor's testimony was deemed not credible by the Court, except for Minor's testimony that was consistent with the testimony of [CW].

Minor contends the Family Court was not presented with sufficient evidence to prove that Minor was a law violator. "When a conviction is challenged based on the sufficiency of the evidence, the test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Griffin, 126 Hawai'i 40, 56, 266 P.3d 448, 464 (App. 2011) (quoting State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998)) (internal quotation marks omitted). "Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (quoting Richie, 88 Hawai'i at 33, 960 P.2d at 1241) (internal quotation marks and ellipsis omitted).

Minor does not address the evidence that was presented by the State at trial. Rather, Minor focuses on her own testimony and contends that she "never forced [CW] to do anything that she didn't already want to do, that she didn't sexually assault [CW] and that she never threatened [CW] with a gun." In short, Minor seeks to have this court determine that her testimony was more credible than CW's testimony and the other evidence presented by the State. However, "it is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact]." State v. Buch, 83 Hawai'i 308, 321, 926 P.2d 599, 612 (1996) (citation omitted).

5

Moreover, as noted above, Minor does not challenge any of the Family Court's FOFs.  Thus, the FOFs are binding on this court and conclusions flowing from those findings will be upheld. State v. Kiese, 126 Hawai'i 494, 502, 273 P.3d 1180, 1188 (2012); Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 303 n.10, 141 P.3d 459, 476 n.10 (2006) ("It is axiomatic that if a finding is not properly attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid.") (citation and internal brackets and quotation marks omitted).

Here, the Family Court's unchallenged FOFs support its conclusions that Minor was a law violator for two counts of Sexual Assault in the First Degree, one count of Sexual Assault in the Third Degree, and one count of Terroristic Threatening in the First Degree.  Moreover, based on our review of the evidence in the record, there is sufficient evidence to support the Family Court's conclusions that Minor was a law violator as set forth above.

Therefore, IT IS HEREBY ORDERED that the "Decree Re: Law Violation Petition(s)" filed on April 28, 2017, and the "Order Denying [Minor's] Motion to Reconsider Adjudication of Minor as a Law Violator and Motion to Reconsider Commitment to the Executive Director of the Office of Youth Services" filed on May 19, 2017, by the Family Court of the First Circuit, are affirmed.

DATED:  Honolulu, Hawai'i, September 28, 2018.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge